228

STINSON v. MAXWELL, WARDEN.

(No. 39264—Decided June 9, 1965.)

*Mr. Dowley D. Stinson, in propria persona.*
*Mr. William B. Saxbe,* attorney general, and *Mr. William C. Baird,* for respondent.

*Per Curiam.* In this action petitioner is attacking both his 1953 and 1963 convictions. In relation to both convictions, petitioner contends that he was not informed of his right to counsel and did not waive counsel. The record completely refutes petitioner's allegations. A journal entry prepared specifically for petitioner's case in the 1953 conviction recites that he was informed of his right to counsel and a jury trial, and that he waived counsel and trial by jury. In 1963, counsel was appointed to represent petitioner.

In relation to the 1963 conviction, petitioner contends that the record does not show that he pleaded guilty. Petitioner bases this argument on the return which omitted the journal entry showing the plea of guilty. The record shows a separate journal entry which recites the plea of guilty.

Finally, petitioner alleges that the indictment for his 1953 conviction was void because it was returned prior to the time the crime was committed. Petitioner bases this claim on the fact

that the indictment was returned in January 1953, and in the body of the indictment it was indicated that the crime occurred in November 1953. This is an obvious typographical error. The instruments set forth in the indictment carry the date of November 1952. Such error did not affect the validity of the indictment.

*Petitioner remanded to custody.*

Taft, C. J., Zimmerman, Matthias, O'Neill, Herbert, Schneider and Brown, JJ., concur.